

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 4, 1959

Mr. Nelson Brown
Executive Director
Texas Commission on Alcoholism
1501 Guadalupe Street
Austin 1, Texas

Opinion No. WW-638

Re: Authority of Texas
Commission on Alco-
holism to send its
Education Director to
the Yale Summer School
of Alcohol Studies at
State expense.

Dear Mr. Brown:

You have requested our opinion as to whether the Texas Commission on Alcoholism, pursuant to a unanimous motion, may pay the expenses of its Education Director, Mr. Frank Campbell, while attending the Yale Summer School of Alcohol Studies.

We quote from the minutes of the meeting of the Commission held on May 17, 1959:

"Judge Barnes discussed the value to be derived from attending the Yale Summer School on Alcohol Studies and indicated Yale University was considered to offer the most thorough and highly respected scientific study of problems related to alcoholism to be found anywhere. Judge Barnes expressed the belief that the Education Director of the Commission, Mr. Frank Camp- bell, could more efficiently perform the duties of his office if he attended this summer school and moved that Mr. Campbell be sent to Yale this summer and that all expenses be paid by the State. Second to the motion was made by Mr. Guy and was approved unanimously by the Commission when put to vote."

The fact that expenditures by the Commission for the exact purpose set forth in its minutes were intended by the Legislature is shown by the following line item from the appropriation to the Commission on Alcoholism found in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, page 942:

"For the Years Ending

| | August 31, 1958 | August 31, 1959 |
|---|---|---|

"9.  Other operating expenses, including postage, telephone and telegraph, stationery and printing, rent, books and pamphlets, films and tapes, <u>summer schools</u> and memberships, office furniture and equipment, miscellaneous supplies and contingent expenses. (Emphasis ours) . . . . . .   $20,030      $16,050"

Even though we find an express appropriation by the Legislature for the purpose under consideration, we must consider whether it falls within the prohibition of Section 51 of Article III of the Texas Constitution.

This Article of the Texas Constitution prohibits the appropriation or grant of public moneys to any individual, association of individuals, municipal or other corporations. The Texas courts have interpreted this Article as prohibiting any appropriation or grant of State funds for a use <u>not</u> directly and substantially related to the performance of governmental functions and duties of the State. <u>Bexar County v. Linden</u>, 110 Tex. 339, 220 S.W. 760 (1920); <u>Road District No. 4, Shelly Co. v. Allred</u>, 68 S.W. 2d 164 (Comm.App. 1934), opinion adopted by the Supreme Court of Texas; <u>City of Aransas Pass v. Keeling</u>, 112 Tex. 339, 247 S.W. 818 (1923).

Therefore, the test to be applied is: Does the purpose for which the public moneys are to be expended bear a direct and substantial relationship to the performance of a governmental function or duty of the State?

The governmental functions and duties of the State are carried out through the various State agencies, boards and commissions in the performance of the duties and purposes devolved upon them by the Legislature.

The Texas Commission on Alcoholism was established and its purposes and duties set forth by the Legislature in Article 5561c of Vernon's Annotated Texas Civil Statutes.

Section 1 of this Article reads in part as follows:

"The purpose of this Act is to prevent broken homes and the loss of lives by creating the Texas Commission on Alcoholism, which shall co-ordinate the efforts of all interested and affected State and local agencies; develop educational and preventive programs; . . ." (Emphasis ours).

Section 5 sets forth the duties and functions of the Commission. Providing therein at Subsection (3):

"Promote or conduct educational programs on alcoholism; purchase and provide books, films, and other educational material; . . ." (Emphasis ours).

It is obvious, from the sections quoted, that one of the duties imposed on the Commission is to provide an education program on alcoholism. It is the duty of Mr. Frank Campbell, the Education Director of the Commission, to effectuate such a program.

The Yale Summer School of Alcohol Studies is being conducted for the seventeenth consecutive year, and the brochure indicates that seminars will be given in Community Health Education and Public Health. Also included are a series of lectures on the whole phase of problems related to alcoholism.

Therefore, it is our opinion that Mr. Campbell would receive information and instructions which would better qualify and enable him to conduct an effective educational program on alcoholism. That is to say, he would be better qualified, as a result of attending the School on Alcohol Studies, to carry out his job; thus, furthering the performance of a govenmental function or duty of the State imposed on the Commission by the Legislature.

Therefore, in our opinion the payment of Mr. Campbell's expenses while attending the Yale Summer School on Alcohol Studies would be an expenditure of appropriated funds for a purpose that bears a direct and substantial relationship to the performance of a governmental function of the State, and you are advised that the Texas Commission on Alcoholism may send Mr. Campbell to said school and pay his expenses while attending.

## SUMMARY

The Texas Commission on Alcoholism
is authorized to pay the expenses of
its Education Director while attending
the Yale Summer School of Alcohol
Studies.

Very truly yours,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
W. O. Shultz
Assistant

WOS:rm:mg

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

C. Dean Davis
Jack Goodman
Jot Hodges, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert